# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

SOUTH CENTRAL INDUSTRIES, INC., )
an Oklahoma corporation, )
                                           )
         Plaintiff, )      Case No. CIV-21-802-J
                                           )
vs. )
                                           )
SHAMROCK'S DISCOUNT JANITOR )
SUPPLY, INC., a New Mexico corporation; )
                                           )
         Defendant. )

## PLAINTIFF'S RESPONSE TO DEFENDANT SHAMROCK'S DISCOUNT JANITOR SUPPLY, INC'S MOTION FOR ATTORNEY'S FEES

Plaintiff, South Central Industries, Inc. ("Plaintiff" or "SCI"), submits this, its Response to Defendant Shamrock's Discount Janitor Supply, Inc.'s Motion for Attorney's Fees [Doc. 29].

## BACKGROUND

SCI originally filed this case in the District Court of Pottawatomie County, Oklahoma. Upon Defendants' request, the case was transferred to the United States District Court for the Western District of Oklahoma. From the case's inception, SCI maintained that it had paid Two Hundred Sixteen Thousand, Seven Hundred and Fifty Dollars ($216,750.00) to the two entities originally listed as Defendants. Defendant Kerrtas Marketing, LLC was dismissed from the case for lack of personal jurisdiction. [Doc. 15]. Plaintiff's remaining claim against Shamrock's Discount Janitor Supply, Inc. ("Shamrock" or "Defendant") was disposed of via Shamrock's summary judgment motion [Doc. 27] and this Court's order of final judgment [Doc. 28]. Shamrock now seeks attorney's fees

pursuant to Fed. R. Civ. P. 54(d)(2), LCvR 54.2, and 12 Okla. Stat. Ann. § 936(A).

## ARGUMENT AND AUTHORITY

**I. BECAUSE THE COURT FOUND NO CONTRACT EXISTS BETWEEN THE PARTIES, 12 OKLA. STAT. ANN. § 936(A) IS NOT APPLICABLE.**

Plaintiff agrees with Defendant's assertion that State law is controlling in this matter. As Defendant cites, "in diversity cases, attorney fees are a substantive matter controlled by state law." *See* Scottsdale Ins. V. Tolliver, 636 F.3d 1273, 1279 (10th Cir. 2011) (citing Mooring Capital Fund, LLC v. Knight, 388 Fed. Appx. 814).

Throughout this entire case Defendant has maintained that no contract existed between the parties. Shamrock's assertion was affirmed when this Court issued its Order Granting Summary Judgment in Shamrock's favor. Within the Order, the Court stated, "the Court finds that no contract was formed between Plaintiff and Shamrock . . ." Because no contract existed between the parties, this cause of action would fall outside of 12 Okla. Stat. Ann. § 936 (the "Statute"). The Statute makes clear that the civil action must be to recover on a "contract relating to the purchase or sale of goods, wares, or merchandise . . ." *Id*. The Court has made clear that no contract was ever entered. The existence of a contract for the purchase or sale of goods is necessary to the application of this Statute. Because no contract exists, the Statute is inapplicable to the case at bar. Defendant, therefore, cannot prevail on their claim for attorney's fees under this Statute.

**II. DEFENDANT CANNOT PREVAIL UNDER ANY OTHER OKLAHOMA LAW PERTAINING TO THE RECOVERY OF ATTORNEY'S FEES.**

The State of Oklahoma abides by the American Rule in regards to the award of attorney's fees. In Fulsom v. Fulsom, 2003 OK 96, 81 P.3d 652 (citing State ex rel Tal v.

2

City of Oklahoma City, 2002 OK 97, 61 P.3d 234) the Court stated,

> Oklahoma follows the American Rule. . . The Rule is generally that each litigant pays for their own legal representation and our courts are without authority to assess attorney fees in the absence of a specific statute or contract allowing for their recovery. Exceptions to the Rule are narrowly defined and carved out with great caution because it is understood liberality of attorney fee awards against the non-prevailing party has a chilling effect on our open access to courts guarantee. [Citations omitted.]

Specifically, when it comes to contracts, Oklahoma law is clear that absent contractual provisions to the contrary, the American Rule is to be followed. As stated above, the Court in the case at hand has established that no contract was ever entered into by the Parties. For this reason, it is safe to say, no attorney fee contractual provision was ever entered into either. Because there is no contractual provision awarding the prevailing party its attorney fees, the American Rule should be followed. Thus, each party should bear its own attorney fees.

## **CONCLUSION**

Accordingly, because of the foregoing facts, allegations, and legal authority, Defendant Shamrock Discount Janitor Supply, Inc.'s Motion for Attorney's Fees should be denied.

Dated this 11th day of March, 2022.

/s/ Breanne M. Gordon
BREANNE GORDON, OBA #32508
TRENT GULESERIAN, OBA # 33898
OF THE FIRM: STUART & CLOVER, PLLC
130 N. Broadway, Ste. 100/P.O. Box 1925
Shawnee, OK 74802-1925
(405) 275-0700 | (405) 275-6805 (fax)
**Attorneys for Plaintiff**

**Certificate of Service**

__x__ I hereby certify that on March 11, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Bradley E. Davenport, bdavenport@dsda.com

/s/ Breanne M. Gordon